**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **KEVIN WEATHERS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-25-CV-475-KC** |
| | § | |
| **CHARISMA EDGE, Warden,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Kevin Weathers, Bureau of Prisons ("BOP") Register Number 43433-509, challenges the calculation of his federal sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. His opposed motion is dismissed.

**BACKGROUND**

Weathers is a 64-year-old inmate currently confined to the La Tuna Federal Correctional Institution in Anthony, Texas, which is within the jurisdiction of this Court. *See* Federal Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc/ (search for Reg. No. 43433-509, last visited Sep. 3, 2026). His anticipated release date is July 6, 2028. *Id.*

Weathers was indicted by a grand jury in the Western District of Tennessee for possessing with the intent to distribute more than 400 grams of fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Count One). *United States v. Weathers*, 2:21-cr-20074-SHL-1, Indictment, ECF No. 2. He pleaded guilty to Count One pursuant to a plea agreement. *Id.*, Plea Agreement, ECF No. 39. He was sentenced to 120 months' imprisonment followed by five years' supervised release. *Id.*, J. Crim. Case, ECF No. 247. He did not appeal.

In his petition, Weathers claims the BOP has improperly denied him Good Time Credits ("GTCs"), First Step Act Earned Time Credits ("FTCs"), and Second Chance Act "Credits." Pet'r's Pet., ECF No. 1 at 1, 2. He asserts he is entitled to FTCs for the time he was in federal

custody between December 30, 2019, and September 15, 2025. *Id.* at 1. He maintains the Second Chance Act provides an inmate with up to 365 days in a residential reentry center and six months in home confinement, yet he has not received any such placement. *Id*. at 2. He suggests exhaustion of his administrative remedies is not required because his claims involve his unlawful and illegal imprisonment. *Id*. at 5. He asks the Court to intervene on his behalf and order Respondent Warden Charisma Edge to grant him all the credits to which he is entitled. *Id*.

Respondent Warden Edge asserts the Court should dismiss the petition because Weathers failed to exhaust administrative remedies. Resp't's Resp., ECF No. 5 at 4–6. In the alternative, she argues Weathers' claims regarding his placement in prerelease custody are not cognizable in a habeas petition. *Id*. at 7–9. In addition, she asserts Weathers is not entitled to FTCs because he is serving a sentence for a disqualifying fentanyl offense. *Id*. at 9–10. Finally, she maintains Weathers has received all GTCs. *Id.* at 10-11.

Weathers contends habeas corpus is a constitutional right, and he is not required to exhaust his administrative remedies. Pet'r's Reply, ECF No. 11 at 10. He also maintains "[t]here is not [a] rational explanation for the denial of time credits as well as for the improper calculation of [his] time credits." *Id.*

## STANDARD OF REVIEW

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d

448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

**ANALYSIS**

Weathers' administrative remedy history shows that he has not submitted any administrative remedy request while in BOP custody. *See* Resp't's Resp., Ex. 1 (Decl. of Michael Caldwell), ECF 5-2 at ¶ 10 and attach 3 (Administrative Remedy Generalized Retrieval), ECF No. 5-2 at 17. Weathers argues "[t]o require the exhaustion of administrative remedies in a habeas corpus claim would be to create a rule that abrogates a Constitutional right which is prohibited." Pet'r's Pet., ECF No. 1 at 5. He is wrong.

The Fifth Circuit has long held that the BOP should be permitted to administratively rectify an error if it fails to properly calculate a sentence. *Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991). "In the event that a prisoner feels he has been improperly refused credit for time he has served in state custody, the prisoner must first 'seek administrative review of the computations of [his] credit, and, once [he has] exhausted [his] administrative remedies, [the] prisone[r] may only then pursue judicial review of these computations.'" *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010) (quoting *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir.1992) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)); *see also Falcetta v. United States*, 734 F. App'x 286, 287 (5th Cir. 2018) (holding that "dismissal for lack of jurisdiction was appropriate because [the petitioner] failed to show that he exhausted his sentencing credit claim fully through the multi-step BOP exhaustion procedure prior to filing his § 2241 petition.").

While there are exceptions to the exhaustion requirement "where the available administrative remedies either are unavailable or wholly inappropriate to the relief a prisoner

seeks, or where the attempt to exhaust such remedies would itself be a patently futile course of action," such exceptions apply only in "extraordinary circumstances." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (citations omitted). And a petitioner bears the burden of demonstrating such circumstances.

Consequently, Weathers "must first pursue all available administrative remedies" before seeking relief under § 2241. *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017). And his exhaustion in this context means "proper exhaustion," including his compliance with all administrative deadlines and procedures established by the BOP. *Cf. Woodford v. Ngo*, 548 U.S 81, 90 (2006) (discussing exhaustion in the context of the Prison Litigation Reform Act).

The Court finds that Weathers has failed to exhaust his administrative remedies or carry his burden of proving the futility of an administrative review. *See Fuller*, 11 F.3d at 62 (explaining federal prisoners must exhaust "administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241."). It notes that dismissal on this basis alone is warranted. *See Rivkin v. Tamez*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition for failure to exhaust administrative remedies).

Additionally, the Court observes that, based on Weathers' ten-year sentence, he may earn a maximum of 540 GCTs. Resp't's Resp., Ex. 2 (Decl. of Bertha Tovar), ECF No 5-3 at ¶ 6 and Attach 1 (Public Information Data), ECF No 5-3 at 6-8. It notes that Weathers is currently projected to earn that number of days. The Court further observes that Weathers is not accruing FTCs for his participation in evidence-based recidivism reduction programs and productive activities because he is disqualified from accruing these credits as he is serving a sentence for a conviction involving 400 grams or more of fentanyl with the punishment established under 21

U.S.C. § 841(b)(1)(B)(vi). 18 U.S.C. § 3632(d)(4)(D)(lxvi). Finally, the Court notes that release from institutional custody to a residential reentry center or home detention "is a change in conditions of confinement and not cognizable under § 2241." *Maldonado v. Rule*, No. 4:24-cv-0971-P, 2025 WL 476256, at *2 (N.D. Tex. Feb. 11, 2025) (citing *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (explaining a challenge to exclusion from program allowing home confinement is more properly brough as a *Bivens* action)). As a result, the Court finds that Weathers' claims lack merit.

**CONCLUSIONS AND ORDERS**

The Court concludes that Weathers has failed to exhaust his administrative remedies. The Court accordingly enters the following orders:

**IT IS ORDERED THAT** Petitioner Kevin Weathers' "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

**IT IS FURTHER ORDERED THAT** all pending motions are **DENIED**.

**IT IS FINALLY ORDERED THAT** the District Clerk shall **CLOSE** this case.

**IT IS SO ORDERED**.

**SIGNED this 4th day of September, 2026.**

**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**